USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 10/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MARTINA PEREZ,

Plaintiff

-against-

26-cv-2257 (LAK)

UNITED STATES OF AMERICA,

Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER DENYING MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Appearances:

Jeffrey B. Mercer
THE LAW OFFICES OF JEFFREY B MELCER, PLLC
*Attorney for Plaintiff*

Gregory Margolis
Assistant United States Attorney
JAMES M. MCDONALD
UNITED STATES ATTORNEY

*Attorney for Defendant*

LEWIS A. KAPLAN, *District Judge.*

This Federal Tort Claims Act ("FTCA") case for dental malpractice is before the Court on the defendant's motion to dismiss or, alternatively, grant summary judgment dismissing the complaint.

The parties agree that the alleged malpractice and the injury complained of occurred

on December 15, 2020 when the then-treating providers at the federally funded Bronx Care clinic allegedly placed a dental implant too close to the inferior alveolar nerve, thus causing direct trauma or compression of that nerve and lip paresthesia. They appear to agree also that the implant in question was removed the next day and that Ms. Perez remained under treatment at the clinic, albeit by different providers, through July 6, 2022. They agree as well on the pertinent dates regarding the filing first of the state litigation and then of this federal case. The motion thus depends upon whether the filing of this action was timely, which in turn implicates whether there is a genuine issue of fact material to the application of the continuous treatment doctrine and, for that matter, whether the applicability of the continuous treatment doctrine to the facts viewed in the light most favorable to the plaintiff nevertheless presents a question of law that properly is resolved in defendant's favor and thus warrants dismissal.

The continuous treatment doctrine applicable in this Federal Tort Claims Act ("FTCA") case is controlled by federal, not New York, law. The relevant statement is found in *Ulrich v. Veterans Admin. Hosp.*[1] The continuous treatment exception applies in an FTCA case where (1) a plaintiff is unable to "discover that the doctor's acts may be the cause of his injuries" or (2) it would be "absurd to expect a patient" to "interrupt corrective treatment" and file suit.[2] Plaintiff contends that *Ulrich*'s second rationale applies here or, at least, that its application raises a genuine and material issue of fact.

Plaintiff places principal reliance on the expert affidavit of Dr. Ballenger, who opines

---

1 853 F.2d 1078 (2d Cir. 1988).

2 *Id.* at 1080-81.

that the care after the December 15 injury "was one continuous course of treatment for the same implant rehabilitation" and "[c]linically . . . was ongoing and related to the original course of implant care."[3] It appears that is correct from a dental point of view. Nevertheless, it is at least debatable whether Dr. Ballenger's view in this regard is addressed squarely to the right question – whether it would have been absurd to expect Ms. Perez to file suit or take other more timely legal steps to pursue her claim while she was undergoing rehabilitation by different providers, though at the same government funded clinic at which the alleged malpractice and injury occurred on December 15, 2020. Indeed, it is not entirely clear, at least on the facts of this case, that Dr. Ballenger's opinion as to continuous treatment is even relevant to the second prong of the *Ulrich* test.

Nevertheless, it is premature to decide these questions. On the present record, the Court cannot say with the required level of certainty that plaintiff could not prevail either on the facts sufficiently alleged in the complaint or on the record now before the Court. Accordingly, the plaintiff's motion (Dkt 12) is **DENIED**.

SO ORDERED.

Dated: October 27, 2026

Lewis A. Kaplan
United States District Judge

---

3 Dkt 18, ¶¶ 27-28.